**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

**T. HENLEY GRAVES**
*RESIDENT JUDGE*

**SUSSEX COUNTY COURTHOUSE**
**1 THE CIRCLE, SUITE 2**
**GEORGETOWN, DE 19947**
**(302) 856-5257**

June 8, 2016

Richard L. Abbott, Esquire
Abbott Law Firm
724 Yorklyn Road, Suite 240
Hockessin, Delaware 19707

Ralph K. Durstein, III, Esquire
Department of Justice
102 West Water Street, 3rd Floor
Dover, Delaware 19904

Re:    *Baker v. DNREC.*;
       C.A. No. S13C-08-026

Dear Counsel:

The Court is in receipt of the Plaintiffs' Application for Costs, Attorney Fees, and Litigation Expenses as well as the Defendants' Statement in Opposition. The Plaintiffs' Application is hereby denied.

Section 5101 of Title 10 of the Delaware Code provides a prevailing party shall recover costs from his adverse party. However, Superior Court Civil Rule 54(d) provides that the prevailing party must apply to the Court for any such costs within ten days of the entry of final judgment. The Court issued a letter opinion in this case on October 7, 2015. That opinion disposed of all justiciable issues in this case and, as such, was final and appealable. Defendants, in fact, appealed that order and Plaintiffs prevailed before the Delaware Supreme Court as well. However, as this Court has held, a party prevailing on appeal from a decision of this Court may not return to this Court for an award of costs.[1] Because Plaintiffs' failed to moved for costs incurred in this Court within ten days of *this* Court's final decision, their Application is untimely and must be denied. To the extent Plaintiffs seek reimbursement for costs incurred in the Delaware Supreme Court, such an application must be made to the Supreme Court.

Plaintiffs also contend they are entitled to attorneys' fees and litigation expenses under the bad faith exception to the American Rule. As is well known, absent express statutory language to the contrary, each party is normally responsible for only his legal fees,

---

[1] *Wavedivision Holdings, LLC v. Highland Capital Mgmt. LP*, 2012 WL 8256138 (Del. Super. Sept. 6, 2012).

notwithstanding the outcome of the litigation.[2] There is, however, an exception for bad faith conduct. "Although there is no single definition of bad faith conduct courts have found bad faith where parties have unnecessarily prolonged or delayed litigation, falsified records, or knowingly asserted frivolous claims."[3]

Plaintiffs point to many incidents of Defendants' conduct that they contend constitute bad faith conduct. The Court disagrees with Plaintiffs' characterizations and finds DNREC did not act in bad faith in defending against Plaintiffs' lawsuits. The issues involved in the underlying case (once consolidated) were complex in nature. During the pendency of the case, Plaintiffs filed multiple motions for contempt and sanctions, all of which were denied. The Court will not revisit Plaintiffs' allegations of bad faith.

For these reasons, Plaintiffs' Application for Costs, Attorneys' Fees, and Litigation Expenses is DENIED.

IT IS SO ORDERED.

Very truly yours,

*/s/ T. Henley Graves*

T. Henley Graves

oc:     Prothonotary

---

[2] *Dover Historical Soc'y, Inc. v. Dover Planning Comm'n*, 901 A.2d 1084, 1090 (Del. 2006).

[3] *Johnston v. Arbitrium (Cayman Islands) Handels AG*, 720 A.2d 542, 545-46 (Del. 1998) (citations omitted).